Stephen R. Stern (SRS5665)
Mark W. Geisler (MG7261)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street, 19t Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FUBU FILMS, LLC,

                Plaintiff,

     -against-                           **COMPLAINT**

PRESSMAN FILMS,                           *08 CIV 5576 (PAC) (THk)*
EDWARD R. PRESSMAN FILM CORPORATION,
and EDWARD R. PRESSMAN, individually and
dba PRESSMAN FILMS,

                Defendants.
-------------------------------------------------------------X

      Plaintiff, FUBU FILMS, LLC, by and through its attorneys, Hoffinger Stern & Ross,

LLP, as and for its Complaint against defendants, Pressman Films, Edward R. Pressman Film

Corporation, Edward R. Pressman, individually and dba Pressman Films, respectfully alleges as

follows:

      1.      Plaintiff Fubu Films, LLC is a domestic limited liability company organized

pursuant to the laws of the State of New York.

      2.      Upon information and belief, defendant Pressman Films is an entity not formed

pursuant to the laws of any jurisdiction, but does business through Edward R. Pressman and/or

through Edward R. Pressman Film Corporation.

      3.      Upon information and belief, Edward R. Pressman Film Corporation is a

SS6477.WPD

corporation formed pursuant to the laws of the State of Delaware, with a principal place of business in California.

4.      Upon information and belief, defendant Edward R. Pressman is a citizen of the State of California, and does business through, among other things, the name of Pressman Films. Pressman Films, Edward R. Pressman Film Corporation and Edward R. Pressman are collectively referred to herein as "Pressman."

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 based upon the diversity of citizenship of the parties and the fact that the matter in controversy exceeds $75,000 exclusive of interest and costs.

6.      Venue is proper in this district, pursuant to 28 U.S.C. § 1391 (a), in that a substantial part of the events or omissions giving rise to the claims occurred in this District

## STATEMENT OF FACTS

7.      In connection with Pressman's production and release of a movie referred to at that time as "The Crow IV" (the "Picture"), Plaintiff and Pressman entered into an agreement (the "Agreement").

8.      Pursuant to the Agreement, Plaintiff advanced the sum of $100,000 to Pressman toward Pressman's anticipated out-of-pocket development costs of the Picture (the "Development Advance").

9.      Pursuant to the Agreement, Pressman was required to repay the $100,000 Development Advance to Plaintiff at a later date.

10.     Pressman has failed and refused to repay the $100,000 Development Advance to

Plaintiff.

11.    Plaintiff duly performed its obligations under the Agreement.

12.    Pursuant to the Agreement, Pressman further agreed to pay Plaintiff a producer fee in the amount of $100,000 (the "Producer Fee"), as compensation for any producer services provided by Plaintiff.

13.    Pressman has failed and refused to pay the $100,000 Producer Fee to Plaintiff.

## AS AND FOR A FIRST CLAIM FOR RELIEF

14.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 13 , with the same force and effect as if set forth in full hereat.

15.    Pursuant to the Agreement, Pressman was required to repay the $100,000 Development Advance to Plaintiff.

16.    Pressman has failed and refused to repay the $100,000 Development Advance to Plaintiff.

17.    By reason of the foregoing, Plaintiff has been damaged by Pressman in the amount of $100,000, together with interest.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 , with the same force and effect as if set forth in full hereat.

19.    Pursuant to the Agreement, Pressman was required to repay the $100,000 Producer Fee to Plaintiff.

20.    Pressman has failed and refused to repay the $100,000 Producer Fee to Plaintiff.

21.    By reason of the foregoing, Plaintiff has been damaged by Pressman in the

amount of $100,000, together with interest.

## AS AND FOR A THIRD CLAIM FOR RELIEF

22.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 , with the same force and effect as if set forth in full hereat.

23.     Pressman failed to repay the $100,000 Development Fee to Plaintiff, which was the property of Plaintiff.

24.     As a result of the foregoing, Pressman has been unjustly enriched by improper conduct.

25.     By reason of the foregoing, Pressman has damaged Plaintiff in the amount of $100,000, together with interest thereon.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A)     On the First Claim for Relief, damages in the sum of $100,000, together with interest thereon;

(B)     On the Second Claim for Relief, damages in the sum of $100,000, together with interest thereon;

(C)     On the Third Claim for Relief, damages in the sum of $100,000, together with interest thereon;

(D)     On each and all Claims for Relief, such other and further relief in favor of Plaintiff as to the Court appears just and proper.

Dated: New York, New York
        June 19, 2008

HOFFINGER STERN & ROSS, LLP
Attorneys for Plaintiff

By:_____

Stephen R. Stern (SS5665)
Mark W. Geisler (MG7261)
150 East 58th Street, 19th Fl.
New York, New York 10155
(212) 421-4000