James A. Janowitz (jjanowitz@pryorcashman.com)
Anna E. Hutchinson (ahutchinson@pryorcashman.com)
Pryor Cashman LLP
410 Park Avenue, 10th Floor
New York, New York 10022-4441
Tel: 212-421-4100
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FUBU FILMS, LLC,<br><br>               Plaintiff,<br><br>          v.<br><br>PRESSMAN FILMS, EDWARD R. PRESSMAN FILM CORPORATION, AND EDWARD R. PRESSMAN, individually and d/b/a PRESSMAN FILMS,<br><br>               Defendants. | 08-CV-5576 (PAC) (THK)<br><br>**ANSWER** |

The above-captioned defendants ("Defendants"), by their attorneys Pryor Cashman LLP, hereby answer the Complaint, dated June 19, 2008 (the "Complaint") as follows:

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.    Deny the allegations set forth in Paragraph 2 of the Complaint.

3.    Admit that Edward R. Pressman Film Corporation is a corporation formed pursuant to the laws of the State of Delaware, but deny the remainder of the allegations in Paragraph 3 of the Complaint, in that the Edward R. Pressman Film Corporation's principal place of business is in New York State.

4.     Deny the allegations set forth in Paragraph 4 of the Complaint, and state that Edward R. Pressman is a citizen of New York State.

5.     Deny the allegations set forth in Paragraph 5 of the Complaint.

6.     Deny the allegations set forth in Paragraph 6 of the Complaint.

7.     Deny the allegations set forth in Paragraph 7 of the Complaint, and respectfully refer the Court to the Agreement.

8.     Deny the allegations set forth in Paragraph 8 of the Complaint, and respectfully refer the Court to the Agreement for its contents.

9.     Deny the allegations set forth in Paragraph 9 of the Complaint, and respectfully refer the Court to the Agreement for its contents.

10.     Deny the allegations set forth in Paragraph 10 of the Complaint.

11.     Deny the allegations set forth in Paragraph 11 of the Complaint, and respectfully refer the Court to the Agreement for its contents.

12.     Deny the allegations set forth in Paragraph 12 of the Complaint, and respectfully refer the Court to the Agreement for its contents.

13.     Deny the allegations set forth in Paragraph 13 of the Complaint.

**IN ANSWER TO THE FIRST CLAIM FOR RELIEF**

14.     Reallege each and every responsive allegation contained in paragraphs 1 through 13 above as if set forth more fully herein.

15.     Deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Deny the allegations set forth in Paragraph 16 of the Complaint.

17.     Deny the allegations set forth in Paragraph 17 of the Complaint.

## IN ANSWER TO THE SECOND CLAIM FOR RELIEF

18.    Reallege each and every responsive allegation contained in paragraphs 1 through 17 above as if set forth more fully herein.

19.    Deny the allegations set forth in Paragraph 19 of the Complaint.

20.    Deny the allegations set forth in Paragraph 20 of the Complaint.

21.    Deny the allegations set forth in Paragraph 21 of the Complaint.

## IN ANSWER TO THE THIRD CLAIM FOR RELIEF

22.    Reallege each and every responsive allegation contained in paragraphs 1 through 21 above as if set forth more fully herein.

23.    Deny the allegations set forth in Paragraph 23 of the Complaint.

24.    Deny the allegations set forth in Paragraph 24 of the Complaint.

25.    Deny the allegations set forth in Paragraph 25 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

26.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

27.    This Court lacks subject matter jurisdiction as there is no diversity between the parties.

## THIRD AFFIRMATIVE DEFENSE

28.    Plaintiffs' claims may be barred, in whole or in part, by applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

29.    Plaintiffs' claims are barred, in whole or in part, by plaintiff's failure to mitigate damages, if any, allegedly suffered as a result of the conduct alleged in the Complaint

3

## FIFTH AFFIRMATIVE DEFENSE

30.    Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

31.    Plaintiffs' claims may be barred, in whole or in part, by the doctrine of waiver

and/or estoppel.

**WHEREFORE**, Defendants respectfully request this Court to enter judgment against

plaintiff and in their favor dismissing all claims for relief alleged in the Complaint in their

entirety, and awarding Defendants attorneys' fees and costs incurred in defending this action.

Defendants pray for any such other and further relief as the Court deems just and proper.


Dated:  New York, New York
       July 28, 2008


                        PRYOR CASHMAN LLP

                        By: _____
                            James A. Janowitz (jjanowitz@pryorcashman.com)
                            Anna E. Hutchinson (ahutchinson@pryorcashman.com)
                        *Attorneys for Defendant*
                        410 Park Avenue
                        New York, NY
                        10022-4441
                        (212) 421-4100


To:    Stephen R. Stern, Esq.
       HOFFINGER STERN & ROSS, LLP
       150 East 58th Street, 19th Floor
       New York, NY 10155
       (212) 421-4000
       *Attorneys for the Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| FUBU FILMS, LLC,<br><br>                    Plaintiff,<br><br>       - against –<br><br>PRESSMAN FILMS, EDWARD R.<br>PRESSMAN FILM CORPORATION, AND<br>EDWARD R. PRESSMAN, individually and<br>d/b/a PRESSMAN FILMS,<br><br>                    Defendant. | Index No. 08-CV-5576 (PAC) (THK)<br><br><br>**AFFIRMATION OF SERVICE** |

       Anna E. Hutchinson, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms under penalties of perjury as follows:

    1.       I am not a party to this action and am over eighteen years of age.

    2.       On July 28, 2008, I served the attached Answer by hand delivery to the following recipient at the address below:

           Stephen R. Stern, Esq.
           Hoffinger Stern & Ross, LLP
           150 East 58th Street, 19th Floor
           New York, NY  10155

Dated:   New York, New York
         July 28, 2008

                                      _____
                                      ANNA E. HUTCHINSON